(59 App. Div. 76.)

PEOPLE ex rel. CROMWELL, Town Clerk, v. SEAMAN, Town Supervisor.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. MUNICIPAL CORPORATIONS — EXPENDITURE OF MONEY — BONDS — ISSUANCE— MANDAMUS.

   Laws 1890, c. 569, § 190, as amended by Laws 1900, c. 295, authorizes a town to expend money for the purchase of a site and the erection of a town house on a vote of the electors therefor, and the issuance of bonds in payment thereof, to be signed by the supervisor. The electors of a town voted a sum for the construction of a town house alone in expectation of the donation of a site. *Held*, that the statute permitted the voting of the money for the erection of a house without also providing for the purchase of a site therefor.

2. SAME.

   Laws 1890, c. 569, § 190, as amended by Laws 1900, c. 295, authorizing a town to expend money for the purchase of a site and the erection of a town house on a vote of the electors, and the issuance of bonds therefor, to be signed by the supervisor, does not require the ballots on an election for the expenditure of money for the erection of a house, and not including the purchase of a site, to state the site on which the building is to be located.

Appeal from special term, Orange county.

Mandamus by the people, on the relation of Henry W. Cromwell, town clerk of the town of Woodbury, Orange county, N. Y., against James W. Seaman, supervisor of such town, to compel the issue of certain bonds. From an order granting a peremptory writ, the defendant appeals. Order affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

A. H. F. Seeger, for appellant.

Graham Witschief, for respondent.

HIRSCHBERG, J. Conceding, but without deciding, that, where it is evident that a serious question of validity may arise, the court will not compel the issuing of municipal bonds by peremptory mandamus, the order appealed from nevertheless finds ample support. By section 190 of the town law (chapter 569, Laws 1890), as amended by chapter 295 of the Laws of 1900, the electors of a town in which there shall not be a town house are authorized at any biennial town meeting or at a special town meeting to vote a sum of money by ballot "for the purchase of a site and the building of a town house"; and, if such sum is not raised by tax in one installment, the town board may borrow the sum necessary to purchase such site and build such house by the issue of bonds, to be signed by the supervisor and attested by the town clerk. Pursuant to this legislative authority, the electors of the town of Woodbury, in Orange county, at a special town meeting held on the 24th day of July, 1900, voted the sum of $5,000, as appears by the form of the ballot cast, "for the purpose of erecting a town house." The town board decided to raise the money by the issue of bonds, but the supervisor refuses to sign them.

The main contention urged on his behalf, as stated in the brief of the learned counsel for the appellant, is that the statute "does not authorize this issue of bonds, because that section [190, as amended]

permits an issue only for the erection of a town hall and the purchase of a site; not for either." The construction thus contended for is a very narrow one, and no good reason is assigned why it should be adopted. The statute does not say, either in terms or by necessary implication, that the money necessary for a site cannot be voted separately from money with which to construct the building, or that money necessary for a building cannot be voted if the town already has a site; nor does the ballot as cast necessarily indicate that the money to be raised was not intended to include the purchase of a site as necessarily incident to "erecting a town house." The papers in the record, however, show that the town expects a suitable site to be donated, and that the money voted has been accordingly limited in amount to the sum required for the purposes of construction. On the appellant's theory, if such a site, in all respects satisfactory to the electors, had been actually conveyed to the town before the election in question was held, the election would be void, unless it included in its scope the wholly useless expense of voting money with which to purchase another site. And the same result would follow from the logic of his contention if the town, having a site and town house thereon, should lose the house by fire or otherwise, without insurance, or with insurance inadequate to restore the building. In the case suggested it would manifestly be necessary to raise money in order to build a new house, but surely that separable purpose need not be coupled at the election with the proposition to buy an additional site as the sole condition of legality. It is to be noted that the condition under which the statute authorizes the vote to be taken is that "there shall not be a town house" in the town, not that there must be neither a house nor site; thus indicating that the law embraces the site as an incident to the building, or contemplates conditions under which but the one purpose may be required.

The learned counsel further contends, as a corollary to his position, that the true construction of the statute requires that the ballot cast by the electors should fix the site; in other words, that the proposition submitted to the electors should include the location of the site as contemplated. This is a claim wholly beyond the assertion and import of the statute itself, and no rule of construction is advanced to justify the reading of the requirement into the law by judicial action. Section 191 of the statute provides that "sites shall be purchased and houses erected by the town board in the name of the town, and shall be controlled by the town board." While the law is wholly silent on the express subject of the selection of a site, the authority here conferred is sufficient to include the choice of a site as a necessary incident to its purchase, just as the adoption of a plan, including the selection of material, design, etc., must be deemed to be embraced within the authority given to build the house.

The other grounds of objection urged relate to alleged irregularities not affecting the merits of the controversy, and certainly not affording legal justification to the supervisor in opposing the wishes of the electors.

The order should be affirmed, with $10 costs and disbursements. All concur.